UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

OSCAR DANTZLER                              *        CIVIL ACTION

versus                                      *        NO. 06-10924

THE CITY OF HAMMOND COUNCILMEN,             *        SECTION "F"
ET AL.

ORDER AND REASONS

Before the Court are two motions filed by *pro se* plaintiff Oscar Dantzler: (1) Motion to Set Aside the Order of Judgment for Sanctions Memorandum Opposition to Defendant's Memorandum Motion for Sanction for Nullity of Judgment with Order; and (2) Motion to Set Aside the Order of Judgment for Plaintiff's Motion for Permission to Allow Other Defendants to be Joined and/or Served for Nullity of Judgment with Order.

As to the plaintiff's first motion, it appears the plaintiff seeks to set aside the Court's September 27, 2007 Order denying his motion for sanctions. This Court has twice denied the plaintiff's motions for sanctions, once on September 11, 2007[1] and again on September 27, 2007. The plaintiff repeats his assertions that defendants' counsel has "lied and been untrueful to this honorable court" and that defendants' counsel has been representing the same

---

[1] The Court's September 11, 2007 Order "admonishe[d] Mr. Dantzler that filing baseless motions may subject him to sanctions."

1

set of defendants in another case the plaintiff has pending against

the same parties.    The plaintiff also accuses the Court of

"strongly supporting the defendant's pleadings against the

plaintiff's pleadings, because I am Pro se."

As to the plaintiff's second motion, it appears that he seeks

to set aside this Court's September 28, 2007 Order denying his

motion for permission to allow other defendants to be joined.   The

Court referred another one of plaintiff's motion to amend complaint

to the magistrate judge, which was granted on October 24, 2007.

This present motion to set aside is accordingly moot.

The Court finds the plaintiff's motions to be wholly without

merit in blatant disregard of Rule 11 of the Federal Rules of Civil

Procedure.[2]    The plaintiff is admonished to focus on the

_____

[2] Rule 11 provides in part:

> (b) Representations to Court.  By presenting
> to the court...a pleading, written motion, or
> other paper, an attorney or unrepresented
> party is certifying that to the best of the
> person's knowledge, information, and belief,
> formed after an inquiry reasonable under the
> circumstances,--
> > (1)     it is not being presented for any
> >         improper purpose, such as to harass
> >         or to cause unnecessary delay or
> >         needless increase in the cost of
> >         litigation;
> > (2)     the claims, defenses, and other
> >         legal contentions therein are
> >         warranted by existing law or by a
> >         nonfrivolous argument for the
> >         extension, modification, or
> >         reversal of existing law or the
> >         establishment of new law;

substantive merit of his case, instead of wasting the Court's time by repeatedly filing baseless motions, followed by filing frivolous motions questioning the Court's denial of prior baseless motions. The Court will not tolerate any more frivolous filings by the plaintiff.  The plaintiff is strongly cautioned to consult Federal Rule of Civil Procedure 11 before filing future motions, or sanctions will be imposed to discourage his abusive and meritless filings.

Accordingly, IT IS ORDERED: that (1) the plaintiff's motion to set aside its Order denying the plaintiff's motion for sanctions is DENIED; and (2) the plaintiff's motion to set aside its Order denying the plaintiff's motion to allow defendants to be joined is DENIED as moot.

New Orleans, Louisiana, November 21, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

   (3)     the allegations and other factual contentions have evidentiary support or, if specifically so identified, are reasonably based on a lack of information or belief....

3